

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-84,635-01

### EX PARTE GILBERT REYES MORELOS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 3962-A IN THE 50TH DISTRICT COURT FROM KNOX COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication manslaughter and sentenced to ten years' imprisonment.

Applicant contends, among other things, that he was denied his right to a direct appeal through no fault of his own. *See Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). His direct appeal was dismissed for want of jurisdiction. *Morelos v. State*, No. 11-15-00076-CR (Tex. App.—Eastland Apr. 23, 2015) (not designated for publication). There is no response from trial or appellate counsel regarding the claim, and there are no findings from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial and appellate counsel to respond to Applicant's claim that he was denied a direct appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal through no fault of his own. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  April 6, 2016
Do not publish